


TW/LE: USAO2016R00460

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 AUG -9 PM 4:57

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | * | CRIMINAL NO. JFM-16-0364 |
| | * | |
| ANTONIO ALBRIGHT, | * | (Conspiracy to Distribute and Possess |
| a/k/a "Fish," | * | with the Intent to Distribute Heroin, 21 |
| STEVEN HARRIS, | * | U.S.C. § 846; Possession with the |
| DONYAE MCCOY, | * | Intent to Distribute Heroin, 21 U.S.C. |
| AVERY WALTON, | * | 841(a)(1); Possession of a Firearm in |
| DARRIUS JOYNER, | * | Furtherance of a Drug Trafficking |
| MAYNARD BROWN, | * | Crime, 18 U.S.C. § 924 (c); Possession |
| JAMEL BRANCH, | * | of a Firearm by a Convicted Felon, 18 |
| a/k/a "Mel," | * | U.S.C. § 922(g); Aiding & Abetting, 18 |
| RODERICK BRUNSON, | * | U.S.C. § 2; Forfeiture, 21 U.S.C. § 853, |
| a/k/a "Rod," | * | 18 U.S.C. § 924(d), and 28 U.S.C. |
| DEVONTAY ALEXANDER, | * | § 2461(c)) |
| a/k/a "Barney," | * | |
| DION ALEXANDER, | * | |
| a/k/a "Will," | * | |
| WILBERT EPPS, | * | **UNDER SEAL** |
| a/k/a "Tay," | * | |
| JEROME GRAY, | * | |
| a/k/a "Pops," and | * | |
| TEREZ EVANS | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*

**SUPERSEDING INDICTMENT**

**COUNT ONE**
(Conspiracy to Distribute and Possess with Intent to Distribute Heroin)

The Grand Jury for the District of Maryland charges that:

1

From in or about February 2016 and continuing until on or about the date of this Superseding Indictment, in the District of Maryland and elsewhere, the defendants,

**ANTONIO ALBRIGHT,**
a/k/a "Fish,"
**STEVEN HARRIS,**
**DONYAE MCCOY,**
**AVERY WALTON,**
**DARRIUS JOYNER,**
**MAYNARD BROWN,**
**JAMEL BRANCH,**
**RODERICK BRUNSON,**
a/k/a "Rod,"
**DEVONTAY ALEXANDER,**
a/k/a "Barney,"
**DION ALEXANDER,**
a/k/a "Will,"
**WILBERT EPPS,**
a/k/a "Tay,"
**JEROME GRAY,**
a/k/a "Pops," and
**TEREZ EVANS,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute Heroin)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
**a/k/a "Fish,"**
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendants,

**ANTONIO ALBRIGHT,**
a/k/a "Fish,"
**DONYAE MCCOY, and**
**DARRIUS JOYNER,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

4

## COUNT FOUR
### (Possession with Intent to Distribute Heroin)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

### AVERY WALTON,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT FIVE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2016, in the District of Maryland, the defendant,

### AVERY WALTON,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Four of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)

## COUNT SIX
### (Possession with Intent to Distribute Heroin)

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**MAYNARD BROWN,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT SEVEN
### (Possession of a Firearm by a Felon)

The Grand Jury for the District of Maryland further charges that:

On or about April 22, 2016, in the District of Maryland, the defendants,

**DEVONTAY ALEXANDER,**
a/k/a "Barney, and
**ANTONIO ALBRIGHT,**
a/k/a "Fish,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a loaded Interarms, Model Firestar, 9mm, semi-automatic handgun, bearing serial number 2143126, and ammunition.

18 U.S.C. § 922(g)(1)

## COUNT EIGHT
### (Possession with Intent to Distribute Heroin and Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2016, in the District of Maryland, the defendant,

**DION ALEXANDER,**
a/k/a "Will,"

did knowingly and intentionally possess with intent to distribute: a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT NINE
### (Possession with Intent to Distribute Heroin and Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about June 9, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
a/k/a "Tay,"

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TEN
### (Possession with Intent to Distribute Heroin)

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

**WILBERT EPPS,**
a/k/a, "Tay,"

did knowingly and intentionally possess with intent to distribute: a quantity of a mixture or substance containing a detectable amount of heroin, Schedule I controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT ELEVEN
### (Possession of a Firearm by a Felon)

The Grand Jury for the District of Maryland further charges that:

On or about June 30, 2016, in the District of Maryland, the defendant,

### WILBERT EPPS,
### a/k/a "Tay,"

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit, (1) a Superior Arms, AR 15, 5.56 caliber rifle, bearing serial number 25719, (2) a Rock River Arms, AR 15, 5.56 caliber rifle, bearing serial number CM131657, (3) a Beretta U.S.A., Corp Elite IA .40 caliber pistol, serial number obliterated, and, (4) a Glock 19, 9mm full-automatic pistol, bearing serial number MGZ510, ~~and ammunition.~~

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### Narcotics Forfeiture

2. As a result of the offenses set forth in Counts One, Two, Four, Six, Eight, Nine, and Ten incorporated here, the defendants shall forfeit:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearms Forfeiture

4. As a result of the offenses set forth in Counts Three, Five, Seven, and Eleven incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

### Substitute Assets

5. If any of the property described above, as a result of any act or omission of any defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

*[signature]*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

8-9-16
Date